UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
RICHARD BAEZ, on behalf of himself, FLSA :
Collective Plaintiffs, and the Class,        :
                                             :
                              Plaintiff,     :      20-CV-1066 (VSB)
                                             :
                - against -                  :      **OPINION & ORDER**
                                             :
RCO RESTORATION CORP., WILLIAM               :
MOROCHO, and DARWIN DOE,                     :
                                             :
                              Defendants.    :
----------------------------------------------------------X

Appearances:

Anne Melissa Seelig
C.K. Lee
Lee Litigation Group, PLLC
New York, New York

Catalina Sojo
CSM Legal P.C.
New York, New York
*Counsel for Plaintiff*

Adam Casimir Weiss
The Law Firm of Adam C. Weiss, PLLC
Glen Cove, New York
*Counsel for Defendant RCO Restoration Corp.*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of Defendant RCO Renovation Corp. ("RCO") to set aside and vacate the entry of default against it and for an extension of time to answer. (Doc. 57.) Because RCO has demonstrated good cause to vacate the default, its motion is GRANTED.

      **I.**    **Factual and Procedural Background**

      On February 7, 2020, Plaintiff Richard Baez ("Plaintiff") initiated this action by filing his complaint against RCO, William Morocho ("Morocho"), and unnamed Defendant Darwin Doe

("Doe") (together, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  (Compl.)[1]  On August 14, 2020, I dismissed Morocho and Doe from the case without prejudice because of Plaintiff's failure to prosecute.  (Doc. 15.)  On August 31, 2020, I granted Plaintiff's motion to reopen the case against Morocho and Doe.  (Doc. 22.)  Plaintiff filed affidavits of service as to all Defendants of the amended summonses and complaint on September 27, 2020.  (Docs. 29–31.)  Defendants failed to enter an appearance, request an extension, answer, or otherwise respond.

On October 26, 2020, the Clerk of Court entered a default against all Defendants.  (Doc. 36.)  Plaintiff sought, and I issued, an order to show cause on November 16, 2020, directing Defendants to show cause why an order should not be issued granting Plaintiff a default judgment against Defendants.  (Docs. 37, 40.)  The hearing on that order was held on December 16, 2020.  Defendants did not appear at the hearing or request an adjournment.  The next day, I entered default judgment as to liability against RCO and Morocho.  (Doc. 43.)  On December 28, 2020, I approved Plaintiff's notice of voluntary dismissal against Doe, (Doc. 46), leaving RCO and Morocho as the only defendants left in the case.

I referred the matter to Magistrate Judge James L. Cott for an inquest on damages on December 28, 2020.  (Doc. 47.)  Magistrate Judge Cott issued his Report and Recommendation ("R&R") on May 10, 2021, recommending that Plaintiff be awarded $61,287.50 in damages.  (Doc. 50.)  Neither RCO nor Morocho filed objections to that R&R nor requested additional time to do so.  On September 8, 2021, I issued an Opinion & Order adopting the R&R and entering judgment against RCO and Morocho in the amount of $61,287.50.  (Doc. 54.)  I also adopted Magistrate Judge Cott's recommendation that "the amount of the judgment should automatically

---

[1] "Compl." refers to the Complaint filed by Plaintiff on February 7, 2020.  (Doc. 1.)

increase if the conditions set forth in [NYLL] § 198(4) are met." (*Id.*) The Clerk of Court entered a default judgment the same day. (Doc. 55.)

On December 29, 2021, RCO filed a motion to vacate the entry of default and for an enlargement of time to answer or otherwise move, a supporting memorandum of law, the declaration of Adam C. Weiss, and the affidavit of Rayza Pena Espinosa ("Espinosa"). (Docs. 57–61.) On January 7, 2022, Plaintiff filed a memorandum of law in opposition to RCO's motion and the supporting declaration of C.K. Lee. (Docs. 62–63.) RCO did not file a reply. Morocho has filed nothing, and the parties' papers do not discuss him.

RCO alleges that Espinosa, RCO's current owner, was unaware of this action because he purchased RCO from Darwin Cabrera in June 2021 without any information regarding this FLSA and NYLL case against RCO or RCO's default. (Doc. 60 ¶¶ 2–3.) He did not learn of RCO's default until December 15, 2021, when RCO's bank told him that over $60,000 in RCO's assets were frozen pursuant to the judgment entered in this case. (*Id.* ¶¶ 4–5.)

## II.     Legal Standards

"Different rules govern a court's consideration of entries of default and default judgments." *Elsevier Inc. v. Grossmann*, No. 12 CIV. 5121 (KPF), 2017 WL 1843298, at *7 (S.D.N.Y. May 8, 2017). "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); *see also* 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2695, p. 142 n.1 (4th ed. 2016) ("Once a default judgment has been entered, an aggrieved party must proceed under Rule 60(b) to have the judgment set aside, rather than under the rule for setting aside a default."). "Rule 60(b) permits a court to relieve a party or its legal representative from a final judgment for certain enumerated reasons," *Elsevier Inc.*, 2017 WL 1843298, at *7 (cleaned up), including

"mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1).

Although putatively different rules govern motions for relief from a default under Rule 55(b) and relief from a default judgment under Rule 60(b), "the factors examined in deciding whether to set aside a default or a default judgment are the same." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Bricklayers & Allied Craftworkers Loc. 2, Albany*, *N.Y. Pension Fund v. Moulton Masonry & Const., LLC,* 779 F.3d 182, 186 (2d Cir. 2015) ("Although *SEC v. McNulty* and several other cases cited in this opinion address the standard for vacating a default judgment under Rule 60(b) of the Federal Rules of Civil Procedure rather than the standard for voiding an entry of default under Rule 55(c), there is no practical difference on this appeal.") (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996))).[2]

Thus, under either Rule, the district court considers "(1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010). "Default judgments are generally disfavored and are reserved for rare occasions. As such, the criteria for vacating a default judgment pursuant to Rule 60, including the meritorious defense factor, should be construed generously." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (internal quotation marks omitted). "The disposition of a motion to set aside an entry of default under Rule 55(c) or a final default judgment under Rule 60(b) is left to the Court's discretion 'because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the

---

[2] There are other considerations applicable in a motion under Fed. R. Civ. P. 60, such as deadlines on motion practice under Fed. R. Civ. P. 60(c), that are not relevant here.

parties.'" *Doe v. Baram*, No. 20-CV-9522 (ER), 2023 WL 4624555, at *3 (S.D.N.Y. July 19, 2023) (quoting *Enron*, 10 F.3d at 95).

### III. Discussion

Although the parties have briefed this issue primarily under Rule 55, (*compare* Doc. 58 *with* Doc. 62), Rule 60(b) provides the appropriate avenue for relief. While Rule 55(c) provides the appropriate standard where, for example, "an inquest for damages remains outstanding," *Doe*, 2023 WL 4624555, at *7, here, an inquest was held, (Doc. 50), I adopted the findings of the R&R stemming from that inquest, (Doc. 54), and the Clerk of Court entered default judgment on that basis, (Doc. 55). As the factors associated with Rules 55(c) and 60(b) are the same, I may still consider the motion, particularly given the disfavored status of default judgments. *State St. Bank & Tr. Co.*, 374 F.3d at 168.

#### A. *Willfulness*

"A default should not be set aside when it is found to be willful." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (discussing willfulness prong in context of motion to vacate default judgment), *cert. denied*, 503 U.S. 1006 (1992). "'Willfulness,' in the context of a default, refers to conduct that is *more* than merely negligent or careless." *Walden v. Lorcom Techs., Inc.*, No. 05-CV-3600 (ARR)(RER), 2007 WL 608151 at *3 (E.D.N.Y. Feb. 23, 2007) (emphasis in original) (citing *Am. Alliance Ins. Co.*, 92 F.3d at 61). Willfulness may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith. *See Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531–532 (E.D.N.Y. 2002); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, Nos. 00-Civ-1898(SAS), 07 Civ. 9453(SAS), 2010 WL 3790828, at *2 n.29 (S.D.N.Y. Sept. 27, 2010). "Courts in this District have noted that the relevant inquiry for determining willfulness is the defaulting party's actions


parties.'" *Doe v. Baram*, No. 20-CV-9522 (ER), 2023 WL 4624555, at *3 (S.D.N.Y. July 19, 2023) (quoting *Enron*, 10 F.3d at 95).

### III. Discussion

Although the parties have briefed this issue primarily under Rule 55, (*compare* Doc. 58 *with* Doc. 62), Rule 60(b) provides the appropriate avenue for relief. While Rule 55(c) provides the appropriate standard where, for example, "an inquest for damages remains outstanding," *Doe*, 2023 WL 4624555, at *7, here, an inquest was held, (Doc. 50), I adopted the findings of the R&R stemming from that inquest, (Doc. 54), and the Clerk of Court entered default judgment on that basis, (Doc. 55). As the factors associated with Rules 55(c) and 60(b) are the same, I may still consider the motion, particularly given the disfavored status of default judgments. *State St. Bank & Tr. Co.*, 374 F.3d at 168.

#### A. *Willfulness*

"A default should not be set aside when it is found to be willful." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (discussing willfulness prong in context of motion to vacate default judgment), *cert. denied*, 503 U.S. 1006 (1992). "'Willfulness,' in the context of a default, refers to conduct that is *more* than merely negligent or careless." *Walden v. Lorcom Techs., Inc.*, No. 05-CV-3600 (ARR)(RER), 2007 WL 608151 at *3 (E.D.N.Y. Feb. 23, 2007) (emphasis in original) (citing *Am. Alliance Ins. Co.*, 92 F.3d at 61). Willfulness may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith. *See Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531–532 (E.D.N.Y. 2002); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, Nos. 00-Civ-1898(SAS), 07 Civ. 9453(SAS), 2010 WL 3790828, at *2 n.29 (S.D.N.Y. Sept. 27, 2010). "Courts in this District have noted that the relevant inquiry for determining willfulness is the defaulting party's actions

after it became aware of the existence of the litigation or entry of default." *In re FKF 3, LLC*, 501 B.R. 491, 502 (S.D.N.Y. 2013). "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.* (citations omitted); *see also Swarna*, 622 F.3d at 142–43 (finding that default was not willful where defendants retained counsel one day after receiving the motion for default judgment and counsel moved for an extension of time to respond one week later).

Espinosa claims he had no idea this lawsuit existed until December 15, 2021, when he learned from RCO's bank that approximately $61,000 was frozen as a result of the default judgment in this case. (Espinosa Aff. ¶¶ 4–5.)[3] Espinosa purchased RCO from Cabrera in June 2021. (*Id.* ¶ 2.) At the time of purchase, Cabrera indicated nothing about a pending lawsuit or any legal actions against RCO. (*Id.* ¶ 3.) After discovering the lawsuit, Espinosa immediately retained counsel. (*Id.* ¶ 7.) On December 21, 2021, RCO's counsel reached out to Plaintiff's original counsel to inquire whether they would consent to vacate the default. (Weiss Decl. ¶ 6.)[4] Plaintiff's counsel refused to consent to vacate the default judgment, and RCO filed this motion on December 29, 2021. (*Id.* ¶¶ 6–8; Doc. 57.)

The parties make dueling unchallenged contentions. Espinosa asserts that he was unaware of the lawsuit (Espinosa Aff. ¶ 3), which Plaintiff does not contest save to argue that Espinosa's "actions and state of mind . . . have no logical bearing on the only legally relevant question—why Defendant failed to respond to Plaintiff's service by the relevant deadlines," (Doc. 62 at 3). Conversely, Plaintiff asserts that RCO was properly served through the New

---

[3] "Espinosa Aff." refers to the Affidavit of Rayza Pena Espinosa filed on December 29, 2021. (Doc. 61.)

[4] "Weiss Decl." refers to the Declaration of Adam C. Weiss filed on December 29, 2021. (Doc. 59.)

York Secretary of State, (*id.* 4), to which Espinosa only responds that Plaintiff did not attempt service at the address where RCO conducts business, (Espinosa Aff. ¶¶ 22–26).

Of these two effectively unchallenged arguments, RCO's prevails. Service on a business can be achieved through the New York Secretary of State, who will use the address the business provides for service. *Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 17CV5001MKBRML, 2020 WL 7249249, at *3 (E.D.N.Y. July 2, 2020). ("[A] corporation registered to do business in New York may be served by proper service on the New York Secretary of State."). However, while proper service is a factor in determining willfulness, *Finkel v. Gaffney-Kroese Elec. Supply Corp.*, No. 22CV1777DGTAM, 2023 WL 2579165, at *4 (E.D.N.Y. Feb. 22, 2023) (finding willfulness where defendants failed to appear despite service through the Secretary of State), "[a]ctual notice of a lawsuit is a key consideration in determining whether a defendant's default was willful." *Li v. Fleet New York Metro. Reg'l Ctr. LLC*, No. 21CV5185PKCRER, 2022 WL 1666963, at *6 (E.D.N.Y. May 25, 2022). Thus, courts in this District have found that a defaulting party's conduct was not willful even if they were properly served through the Secretary of State so long as the party was otherwise reasonably diligent or lacked actual notice of the suit. *Carrasco v. Acropol Rest. Corp.*, No. 18-CV-7883 (OTW), 2019 WL 2325556, at *2 (S.D.N.Y. May 31, 2019); *Laffont v. Smarten Media LLC*, No. 19 CIV. 9456 (AKH), 2020 WL 7232094, at *1 (S.D.N.Y. Sept. 15, 2020) (finding no willfulness where "[d]efendant assert[ed] that it never received personal service of the summons and complaint despite proper service on the Secretary of State").

Given this, RCO's default was not willful. Espinosa reports that he learned about this suit on December 15, 2021, when Bank of America froze certain RCO assets. (Espinosa Aff. ¶ 4.) He immediately retained counsel, (*id.* ¶ 7), who contacted Plaintiff to seek consent to vacate

7

the default, (Weiss Decl. ¶ 6). When that failed, he moved to vacate the default on December 29, (Doc. 57), just two weeks after first learning of the lawsuit. Considering that the "relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default," *In re FKF 3 LLC*, 501 B.R. at 502, Espinosa's diligence and undisputed lack of knowledge regarding the suit, combined with the direction to construe these factors "generously," *State St. Bank & Tr. Co.*, 374 F.3d at 168, militate against finding that this default was willful.

### B. *Prejudice*

Delay alone does not establish the prejudice required to defeat a motion to vacate a default. *Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (citing *Enron*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

RCO filed its motion to vacate the default judgment almost two years after this action was commenced. (*See* Compl.) Plaintiff argues that this delay risks lost evidence but provides no concrete examples of potential difficulties it will face other than speculation that, because Espinosa was unaware of the current lawsuit, he will not know much about the underlying FLSA and NYLL claims. (Doc. 62 at 6.) RCO's evidence submitted in support of this motion shows the opposite. Espinosa attaches to his affidavit pay records and employment information for Plaintiff during the relevant time period which RCO alleges directly refute Plaintiff's claims. (Espinosa Aff. Ex. A.; *id.* ¶¶ 13–20.) Plaintiff also claims the delay may "create opportunities for fraud and collusions," but concedes that "Plaintiff has no evidence at present that Mr. Espinosa is in collusion . . . to evade judgment in this action." (Doc. 62 at 6.) These speculative

assertions do not establish prejudice.

Plaintiff also argues that Espinosa's attestation about the difficulties the asset freeze has imposed on RCO demonstrate that vacating the default judgment will prejudice Plaintiff because RCO will be unable to compensate Plaintiff.  (*Id.* (citing Espinosa Aff. ¶ 8.))  However, nothing suggests that RCO would be better or worse placed to pay compensation had a default judgment not been entered so "[p]laintiff will be in precisely the situation he would have been in had Defendants timely answered his complaint, albeit with a delay."  *Carrasco*, 2019 WL 2325556, at *3.[5]  Accordingly, there is no prejudice that would favor maintaining the default.

C. *Meritorious Defense*

A movant need not show that its meritorious defense is "likel[y] . . . [to] carry the day," *Johnson*, 324 F.R.D. at 71–72 (quoting *Enron*, 10 F.3d at 98), but rather must "present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Tr. Co.*, 374 F.3d at 167 (citation omitted); *cf. Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (affirming entry of default where "defendants' motion to vacate . . . contained no facts, which, if proven at trial, would constitute a complete defense").  This defense must be "articulate[d] . . . with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 Civ. 1674(RJS), 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted).  "A defense is meritorious if it is good law so as to give the fact finder some determination to make." *Am. Alliance Ins. Co.*,

---

[5] In any case, New York and federal law provide mechanisms to prevent the dissipation of assets, even prejudgment, if that is a legitimate concern, so long as the legal requirements for those tools are met. *See, e.g.*, *Owens v. Taliban*, No. 22-CV-1949 (VEC), 2022 WL 1090618, at *5 (S.D.N.Y. Apr. 11, 2022) (discussing the use of prejudgment attachment).  It would be an improvident exercise of discretion to encourage the use of default judgments as an ad hoc end-run around New York's attachment and execution laws.

9

92 F.3d at 61.  In FLSA and NYLL actions, "[a] defense that the Plaintiff was properly paid, supported by time and pay records, is a meritorious defense."  *Carrasco*, 2019 WL 2325556, at *4.

RCO's proffered defenses meet this "low threshold."  *Johnson*, 324 F.R.D. at 72 (citation omitted).  The complaint alleges that Plaintiff worked between 45 and 55 hours per week and was compensated on a "daily fixed salary of $150 per workday, for a total of $750 for five (5) days of work and $900 for six (6) days of work per workweek."  (Compl. ¶ 25.)  Plaintiff alleges this compensation model resulted in RCO's withholding of overtime wages for additional hours he worked.  (*Id.*)  RCO submits its proposed answer denying these allegations, (Weiss Decl. Ex. E), and proffering time and pay records to refute Plaintiff's alleged hours worked and length of employment, (Espinosa Aff. Ex. A.)  RCO's time and pay records are handwritten and not entirely clear, but appear to show different amounts than those $150, $750, or $900 amounts Plaintiff alleges he was paid.  (*Id.*)  In what appears to be the column for week-end total pay for "Richard,"[6] other numbers are visible such as "720," "600," and "525."  (*Id.*)  Espinosa asserts the records also demonstrate that Plaintiff only worked 32- and 40-hour weeks, not the 45 to 55 hours he alleged.  (Espinosa Aff. ¶ 19.)  Entries for "32," "30," and "28" "hrs" are visible in the row for "Richard."  (*Id.* Ex. A.)  Additionally, Espinosa attests that the records show that Plaintiff was not even an employee until 2019, negating any FLSA or NYLL claim before that time.  (*Id.* ¶ 17.)

RCO's defense that Plaintiff was properly paid, supported by time and pay records, is a meritorious defense.  *See Carrasco,* 2019 WL 2325556, at *4 (defendants' attestations that they "have kept voluminous time and pay records for the Plaintiff" was sufficient to show a

---

[6] I assume that, for purposes of RCO's evidence, "Richard" refers to Plaintiff Richard Baez.

meritorious defense to a FLSA and NYLL claim). The affidavits and supporting evidence raise issues that would refute Plaintiff's claims and "give the fact finder some determination[s] to make." *Am. Alliance Ins. Co.*, 92 F.3d at 61 (citation omitted). RCO's showing is therefore sufficient to satisfy the meritorious defense requirement of a motion to vacate a default.

### IV. Conclusion

For the foregoing reasons, RCO's motion to vacate its default is GRANTED. In accordance with that order, RCO's motion for an enlargement of time to answer or respond to the complaint is also GRANTED. RCO is directed to answer, move, or otherwise respond to the complaint within fourteen days of this order. The Clerk of Court is respectfully directed to terminate the motion at Doc. 57.

SO ORDERED.

Dated: August 18, 2023
      New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge

11